**Robert O. CUNNINGHAM, Petitioner,**

v.

**DISTRICT COURT OF TULSA COUNTY, State of Oklahoma, Judge Raymond W. Graham, Respondent.**

**No. 47061.**

Supreme Court of Oklahoma.

Dec. 18, 1973.

D. C. Thomas, Oklahoma City, for petitioner.

S. M. Fallis, Jr., Dist. Atty. Tulsa County, J. P. Thompson, Asst. Dist. Atty. Tulsa County, Tulsa, for respondent.

BARNES, Justice:

This original action involves the validity of a certain subpoena issued in Cause No. C–73–2128 of the District Court in Tulsa, County, Oklahoma, directed to "Robert O. Cunningham Oklahoma City, Oklahoma", and commanding him to appear before a Grand Jury in said County on December 3, 1973.

After the subpoena was served on him in Oklahoma City, Cunningham, hereinafter referred to as "Petitioner", filed in said cause a pleading entitled "SPECIAL APPEARANCE, DENIAL OF JURISDICTION, And MOTION TO QUASH AND SET ASIDE SUBPOENA". In said pleading, and in an Affidavit attached thereto, Petitioner represented facts showing that, at all times material to the issuance and service of said subpoena, he was a resident of, and present in, Oklahoma

County, Oklahoma. Petitioner's said pleading alleged that no judge of the District Court of Tulsa County had endorsed on the subpoena an order for his attendance as a witness in Tulsa County, as required by Title 22 O.S.1971, § 715. Petitioner moved the court to quash and set aside the subpoena for that reason.

When Petitioner's above described pleading was heard by the Respondent District Judge, the latter entered an order overruling it and directing Petitioner to appear before said Grand Jury as a witness on December 7, 1973, at 1:30 p. m.

The next day, Petitioner instituted the present action asking this Court to assume original jurisdiction and issue a writ prohibiting the Respondent Judge and Court from enforcing said order. His position that the order constitutes an "unauthorized application of judicial power" is based upon the same plea of the subpoena's invalidity that was rejected in the Respondent Court, as aforesaid.

Title 22 O.S.1971, § 715, which Petitioner relies on, reads as follows:

"No person is obliged to attend as a witness, before a court or magistrate out of the county where the witness resides or is served with the subpoena, unless the judge of the court in which the offense is triable, upon an affidavit of the county attorney, or of the defendant or his counsel, stating that he believes that the evidence of the witness is material and his attendance at the examination or trial necessary, shall indorse on the subpoena an order for the attendance of the witness."

■ Although in this case the subpoena served on Petitioner was not for him to testify in any criminal case or concerning an "offense . . . triable" in Tulsa County, our review of the statutes governing the issuance of subpoenas in this State leads us to the conclusion that the requirements of the above quoted section applies both to subpoenas issued for Grand Jury witnesses and those issued for witnesses at the trial of criminal offenses. In Section 705 of the same Title, the issuance of subpoenas for witnesses "within the State" to appear in criminal prosecutions and for "such other witnesses as the grand jury may direct . . ." are both authorized in the same section. In Section 706, which follows it, the issuance of subpoenas for "within the State" witnesses in support of indictments or informations is authorized to be done "in like manner . . ." Thus, it will be seen that the procedure for the issuance of subpoenas for both types of witnesses, i. e., those for investigations of Grand Juries and those for criminal prosecutions, are unmistakably linked together and placed in the same category insofar as concerns authority and procedure. [And the two types of witnesses are treated conjunctively in the wording of the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings Act, 22 O.S.1971, § 721. See Wright v. State, Okl.Cr., 500 P.2d 582.] And we think this same legislative intent extends to the provisions of Section 715, supra, with the result that those provisions apply alike to a Grand Jury witness residing out of the County in which the Grand Jury is sitting and conducting its investigation, and a witness who is summoned in the County of his residence to testify in a criminal action pending in some other County.

■ The subpoena purportedly issued for the Petitioner in Tulsa County and served upon him in Oklahoma County does not bear the endorsement required by Section 715, supra. In view of the foregoing, we can only conclude that it was invalid, and should have been set aside and quashed, as Petitioner moved the Respondent Court to do. Without such an endorsed subpoena having been served upon the Petitioner, the Respondent District Court and Judge were without jurisdiction to require him to come from his residence in Oklahoma County to Tulsa County to testify before the Grand Jury in session there.

We therefore assume jurisdiction and grant the writ, prayed for by Petitioner,

prohibiting the Respondent from enforcing the order complained of. The granting of such writ is without prejudice, however, to the issuance of a future subpoena in compliance with Section 715, supra, for his attendance as a witness before the Tulsa County Grand Jury.

All Justices concur.